**UNITED STATES COURT
SOUTHERN DISTRICT OF FLOIDA
WEST PALM BEACH DIVISION**

Case No.:

RALPH PEREZ,

    Plaintiff,

vs.

CAMEL TOWING, LLC

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, RALPH PEREZ, (hereinafter referred to as "Mr. Perez"), by and through the undersigned attorneys, and sues Defendant, CAMEL TOWING, LLC (hereinafter referred to as "Defendant"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq*. against Defendant.

2. Mr. Perez resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant is a Florida limited liability company, qualified to do, and doing business in Florida, with its principal place of business in Florida, and within the jurisdiction of this Court, which employed Mr. Perez at the Camel Towing location in Lake Worth, Florida.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. From April 2019 to June 2019, Mr. Perez worked for Defendant as a "Tow Truck Driver."

6. Upon information and belief, Defendant's gross annual revenues exceeded $500,000.00 per year.

7. Further, upon information and belief, Defendant, a towing company with locations in Lake Worth and Jacksonville, Florida, handled and/or moved goods in interstate commerce in the year 2019.

8. Therefore, based on the aforementioned, Defendant was, at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

9. At all times material hereto, Mr. Perez, in performing his job duties, engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a), and 207(a).

10. At all times pertinent to the Complaint, Defendant failed to comply with 29 U.S.C. §§201 – 219 in that Mr. Perez performed hours of service in excess of forty (40) hours every work week, for which Defendant failed to properly pay additional overtime premiums. Mr. Perez regularly worked seventy-five (75) to ninety (90) hours a week.

11. The pay practice by Defendant violated the FLSA as it failed to properly pay overtime to Mr. Perez for all hours worked in excess of forty (40) per week.

## COUNT I
## RECOVERY OF UNPAID OVERTIME

12. Mr. Perez re-alleges and reaffirms paragraphs 1 through 11 as though fully set forth herein.

13. From April 2019 to June 2019, Mr. Perez worked as a Tow Truck Driver for Defendant at a regular rate of $9.00 per hour and an overtime rate of $13.50 per hour.

14. During the aforementioned time period, Defendant required Mr. Perez to work a minimum of sixty (60) hours a week, and he regularly worked ninety (90) hours per week.

15. While Defendant paid some overtime hours each week, it routinely underpaid Mr. Perez by ten (10) or more hours on a weekly basis.

16. During the period of April 10, 2019 to April 16, 2019, Defendant did not pay Mr. Perez for fifty (50) hours of overtime. Mr. Perez is entitled to receive a total of $675.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $675.00. Mr. Perez is entitled to recover a total of **$1,350.00** for the period of April 10, 2019 to April 16, 2019.

17. During the period of April 17, 2019 to April 23, 2019, Defendant did not pay Mr. Perez for thirteen (13) hours of overtime. Mr. Perez is entitled to receive a total of $175.50 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $175.50. Mr. Perez is entitled to recover a total of **$351.00** for the period of April 17, 2019 to April 23, 2019.

18. During the period of April 24, 2019 to April 30, 2019, Defendant did not pay Mr. Perez for thirty-one (31) hours of overtime. Mr. Perez is entitled to receive a total of $418.50 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of

$418.50. Plaintiff is entitled to recover a total of **$837.00** for the period of April 24, 2019 to April 30, 2019.

19. During the period of May 1, 2019 to May 7, 2019, Defendant did not pay Mr. Perez for twenty (20) hours of overtime. Mr. Perez is entitled to receive a total of $270.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $270.00. Mr. Perez is entitled to recover a total of **$540.00** for the period of May 1, 2019 to May 7, 2019.

20. During the period of May 8, 2019 to May 14, 2019, Defendant did not pay Mr. Perez for fifty (50) hours of overtime. Mr. Perez is entitled to receive a total of $675.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $675.00. Mr. Perez is entitled to recover a total of **$1,350.00** for the period of May 8, 2019 to May 14, 2019.

21. During the period of May 15, 2019 to May 21, 2019, Defendant did not pay Mr. Perez for twenty (20) hours of overtime. Mr. Perez is entitled to receive a total of $270.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $270.00. Mr. Perez is entitled to recover a total of **$540.00** for the period of May 15, 2019 to May 21, 2019.

22. During the period of May 22, 2019 to May 28, 2019, Defendant did not pay Mr. Perez for fifty (50) hours of overtime. Mr. Perez is entitled to receive a total of $675.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $675.00. Mr. Perez is entitled to recover a total of **$1,350.00** for the period of May 22, 2019 to May 28, 2019.

23. During the period of May 29, 2019 to June 4, 2019, Defendant did not pay Mr. Perez for fourteen and half (14.5) hours of overtime. Mr. Perez is entitled to receive a total of $195.75 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $195.75. Mr. Perez is entitled to recover a total of **$391.50** for the period of May 29, 2019 to June 4, 2019.

24. During the period of June 5, 2019 to June 11, 2019, Defendant did not pay Mr. Perez for fifty (50) hours of overtime. Mr. Perez is entitled to receive a total of $675.00 in overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $675.00. Mr. Perez is entitled to recover a total of **$1,350.00** for the period of June 5, 2019 to June 11, 2019.

25. During the period of June 12, 2019 to June 18, 2019, Defendant did not pay Mr. Perez for fifty (50) hours of overtime. Mr. Perez is entitled to receive a total of $675.00 in

overtime pay. In addition, Defendant willfully failed to pay overtime as required by 29 U.S.C. §207(a) and willfully failed to abide by the provisions of the FLSA. Accordingly, Mr. Perez is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $675.00. Mr. Perez is entitled to recover a total of **$1,350.00** for the period of June 12, 2019 to June 18, 2019.

26. Defendant knew that its refusal and/or failure to pay overtime is and was at all times material hereto prohibited by the FLSA. Defendant intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the described refusals and/or failures were in violation of the FLSA.

27. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Perez.

28. Mr. Perez is entitled to recover from Defendant, a total of **$9,409.50** as damages related to not being paid for work performed as required by 29 U.S.C. §207(a). In addition, Plaintiff is entitled to recover all of his attorney's fees and costs as a result of being required to file and prosecute this action for unpaid overtime, as provided by 29 U.S.C. §216(b).

29. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, RALPH PEREZ, respectfully requests that a judgement be entered against Defendant, CAMEL TOWING, LLC, finding that Defendant willfully violated the FLSA and awarding Plaintiff compensation for all hours he worked for Defendant, but for which he was not compensated as required by the FLSA, as well as attorneys' fees, costs and expenses, and any further relief this Court deems just and proper.

Dated this 24th day of July, 2020.

                                Respectfully submitted,

                                By: /s/ *Christine M. Tomasello*

                                Christine M. Tomasello, Esq.
                                Florida Bar No. 0022913
                                **GORDON & PARTNERS, P.A.**
                                4114 Northlake Boulevard
                                Palm Beach Gardens, FL  33410
                                Telephone: (561) 799-5070
                                Facsimile: (561) 799-4050
                                E-mail: ctomasello@fortheinjured.com
                                *Attorneys for Plaintiff*